LEWIS J. PHILLIPS, Respondent, v. ALVIN HIGGINS, Appellant.

(GENERAL TERM, FIRST DEPARTMENT, JANUARY, 1873.

A map prepared by defendant and produced at an auction sale of lots in New York city, of which he was the owner, represented a strip of land as One Hundred and Thirty-fifth street, and the auctioneer sold lots as laid out on the strip, and a boulevard shown by the map, which crossed it, stating that they were corner lots. *Held*, that plaintiff, who purchased the lots at the sale, and who before bidding had seen the map, was entitled to all which he might properly have understood from the map and auctioneer's language, viz., to a conveyance describing the lots as being bounded by One Hundred and Thirty-fifth street, and that a conveyance stating that they were bounded by "the line of a certain strip of land designated and laid out as One Hundred and Thirty-fifth street on the

map or plan of the city of New York" was not in compliance with the contract of sale.

*Held*, also, that evidence offered by defendant in an action for specific performance to prove what he intended to sell was properly rejected.

THE facts are sufficiently stated in the opinion.

*S. F. & F. H. Cowdrey*, for the appellant.

*A. L. Sanger* and *Andrew Boardman*, for the respondent.

Present—BRADY and LEARNED, JJ.

LEARNED, J. This is an appeal from a judgment granted by Mr. Justice INGRAHAM.

The action is to compel specific performance of a sale of land.

Certain lots were sold at auction, and the point in dispute is substantially whether the conveyance thereof should describe them as bounded on a street.

A map prepared by defendant was produced at the auction sale. By this it appears that all of the three disputed lots are bounded on the Boulevard. One Hundred and Thirty-fifth street on the map appears to cross the Boulevard, and lot sixty-three is at the south-east corner of the Boulevard and that street. One Hundred and Thirty-fourth street on the map also appears to cross the Boulevard, except that a dotted line was across that street on the east line of the Boulevard. Lots seventy and seventy-one are respectively on the northeast and south-east corners of the Boulevard and that street.

The plaintiff attended the sale and had one of the maps before bidding.

There was evidence that the auctioneer, before putting up these three lots, described them to the persons present, including the plaintiff, as corner lots, and the justice who tried the case has found this fact.

The defendant tendered a deed describing lot sixty-three as bounded northerly by the southerly line of a certain strip of land designated and laid out as 135th street on the map or plan of the city of New York and similarly as to the other lot.

The judgment directs that lot sixty-three be described as bounded northwardly by the strip of land laid out and designated on the said map as 135th street, as designated on the said annexed map or plan.

One exception taken by the defendant is that he was not permitted to prove what he intended to sell.

Such evidence would have clearly been inadmissible.

The rights of the parties depend on what took place at the sale; not on the intentions of the defendant, which were not communicated to the plaintiff.

The only other question is on the judgment requiring the defendant to describe the property conveyed in the manner above stated. Now, this judgment exactly follows the bargain as shown by the evidence.

A strip of land was designated on the map produced at the sale as 135th street, and, notwithstanding the dotted line, it is plain that another strip on the east as well as on the west line of the Boulevard was designated as 134th street.

Taken in connection with this abundant proof that the three lots, sixty, seventy and seventy-one, were described as corner lots, and there can be no doubt that these lots, as they were sold, were respectively bounded on this side by a strip of land, designated on the defendant's map as a street.

Furthermore, if the defendant had intended that purchasers should understand that they were not, in these three instances, buying corner lots, he could easily have made that perfectly understood. If, by this map and by the statements of his auctioneer, the purchasers were justified in believing that these were corner lots, he must carry out the sale in the manner in which they were thus justified in understanding it.

It is a familiar principle that the words of a contract must be taken most strongly against him who uses them.

The same principle applied here should hold this defendant strictly to all which the purchaser might properly understand from the map or the auctioneer's language.

Judgment should be affirmed, with costs.

BRADY, J., concurred. Judgment affirmed.